IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| KEENAN KESTER COFIELD, #326109 | * | |
| Petitioner, | | |
| v. | * | CIVIL ACTION NO. CCB-05-3265 |
| | * | |
| UNITED STATES OF AMERICA | | |
| FEDERAL BUREAU OF PRISONS | | |
| UNITED STATES MARSHAL SERVICE | * | |
| Respondents. | | |
| | *** | |

**MEMORANDUM**

Petitioner Keenan Kester Cofield is a Maryland Division of Correction inmate. In May of 2004, he was convicted and sentenced in this court to a 10 month term, with three years supervised release, to be served consecutive to his state sentence. *See United States v. Cofield*, Criminal No. MJG-04-099 (D. Md.)

On December 2, 2005, the Clerk received for filing this 28 U.S.C. § 2241 petition. Petitioner attacks his federal sentence imposed in the United States District Court for the Eastern District of Tennessee in 1991. He maintains that the sentence was illegal and unconstitutional and was used to enhance his criminal history in *United States v. Cofield*, Criminal No. MJG-04-099 (D. Md.). Petitioner claims that the Tennessee conviction and sentence should be vacated because: (i) the record failed to determine whether or not petitioner had received and reviewed the pre-sentence report in compliance with the mandatory provisions of Rule 32; (ii) his sentence, imposed pursuant to the U.S. Sentencing Guidelines, violated principles set forth under Sixth Circuit and Supreme Court caselaw; and (iii) neither the Tennessee court nor the government properly charged or instructed the jury that "materiality" of falsehood is an essential element of wire fraud. Paper No. 1 at 8-11.

Because he appears indigent, petitioner shall be granted leave to proceed without the prepayment of the filing fee. His petition shall, however, be dismissed without prejudice.

The following relevant information has been culled from the federal court dockets in the District of Tennessee and the Sixth Circuit. In July, 1991, petitioner was convicted of wire fraud in the United States District Court for the Eastern District of Tennessee and sentenced to five years in the U.S. Bureau of Prisons ("BOP") and three years of supervised release by United States District Judge Thomas G. Hull. *See United States v. Cofield*, Criminal No. 91-024 (E. D. Tenn.). He was further ordered to pay restitution in the amount of $20,000.00 and a special assessment of $50.00. *Id.* Judgment was affirmed by the United States Court of Appeals for the Sixth Circuit on April 17, 1992.

Following the Sixth Circuit's decision, petitioner filed documents construed as motions to vacate. *See Cofield v. United States*, 37 F.3d 1498, 1994 WL 548805 (6th Cir. Oct. 6, 1994). The district court denied these motions and the Sixth Circuit affirmed those determinations. On November 30, 1995, petitioner filed another motion to vacate. *See Cofield v. United* States, Civil Action No. 95-454 (E.D. Tenn.). Judge Hull summarily dismissed the motion as successive and an abuse of the writ.[1] The docket further shows that in 1999, petitioner filed a number of motions to vacate.[2] *See Cofield v. United* States, Civil Action No. 99-175 (E.D. Tenn.); *Cofield v. United*

---

[1] The Sixth Circuit affirmed that determination. *See Cofield v. United States*, 113 F.3d 1234, 1997 WL 234613 (6th Cir., May 6, 1997).

[2] On March 8, 1998, Judge Hull found that petitioner had violated supervised release provisions, primarily by abusing the judicial system. Judge Hull held that petitioner had: (1) filed a frivolous lawsuit in the court in an attempt to defraud a national investment and brokerage firm; (2) fraudulently held himself out as a doctor; (3) committed perjury on an affidavit in order to subpoena confidential psychiatric records; and (4) violated numerous instructions given by his probation officer. Judge Hull revoked Cofield's supervised term of release and sentenced him to serve a term of twenty-four (24) months imprisonment, with credit for time served. *See United States v. Cofield*, Criminal No. 91-024 (E. D. Tenn.). The Sixth Circuit affirmed this decision in a published opinion. *See United States v. Cofield*, 233 F.3d 405 (6th Cir. 2000).

States, Civil Action No. 99-241 (E. D. Tenn.); *Cofield v. United* States, Civil Action No. 99-264 (E.D. Tenn.); *Cofield v. United* States, Civil Action No. 99-272 (E. D. Tenn.). The motions were dismissed on December 3, 1999. On March 27, 2000, petitioner filed yet another motion to vacate. *See Cofield v. United States*, Civil Action No. 00-99 (E. D. Tenn.). On May 12, 2000, Judge Hull transferred the matter to the Sixth Circuit.

The law is well established that a § 2241 petition is intended to address the execution of a sentence rather than its validity, *i.e.*, imposition or duration. *See In re Vial*, 115 F.3d 1192, 1194, n. 5 (4th Cir. 1997) (en banc). To the extent that petitioner raises a challenge to his conviction in Tennessee, his attack is to be construed as a motion to vacate filed pursuant to 28 U.S.C. § 2255. A motion to vacate should be filed in the district court which imposed sentence, rather than the district court where petitioner is confined. *See Braden v. 30th Judicial Circuit Court,* 410 U.S. 484, 497 (1973). Consequently, any challenge to the judgment and sentence should be raised in the United States District Court for the Eastern District of Tennessee.

Petitioner may be attempting to utilize § 2241 under the "savings clause" provision of § 2255[3] to attack the validity of the criminal judgment on the basis that the § 2255 remedy is inadequate and ineffective to test the legality of his conviction. Under the law in this circuit, however, he may not do so. *See In re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000).

> "It is well established that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision ... [The Fourth Circuit Court

---

[3] 28 U.S.C. § 2255 provides in part:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

of Appeals has] held: § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law." *Young v. Conley*, 128 F. Supp.2d 254, 357 (S.D. W.Va. 2001) (*quoting In re Jones*, 226 F.3d 328 (4th Cir. 2000)) (internal citations omitted).

Petitioner's § 2255 remedy is not rendered ineffective or inadequate because the motion is successive and subject to the provisions of 28 U.S.C. § 2244(b)(3). For the aforementioned reason, the court concludes that: (i) petitioner's grounds attacking the legality and constitutionality of his federal conviction in Tennessee are not cognizable under § 2241; and (ii) this court lacks jurisdiction over a § 2255 attack on the Tennessee conviction. The petition for habeas corpus relief shall be dismissed. A separate Order follows.

Date:   January 6, 2006                                    /s/
                                                    Catherine C. Blake
                                                    United States District Judge